IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEMBERG LAW, LLC, et al.,
        Appellants,

v.                                                       Civil Action No. 3:16-cv-00763-JAG

RICHARD ARROWSMITH,
Liquidating Trustee of the HDL
Liquidating Trust,
        Appellee.

## OPINION

Preliminary injunctions are extraordinary remedies designed to prevent irreparable harm from occurring while cases progress through the typical stages of litigation. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 24 (2008). Based on this extraordinary nature, the Federal Rules of Civil Procedure set forth very specific procedures on how courts must evaluate and issue preliminary injunctions. In this case, the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), issued a preliminary injunction. The Bankruptcy Court, however, did not follow the required rules. Specifically, the Bankruptcy Court did not make findings as required by Rule 52, and did not describe the proscribed conduct in reasonable detail as required by Rule 65. In doing so, the Bankruptcy Court abused its discretion. Accordingly, this Court must vacate the preliminary injunction.

## I. BACKGROUND

Health Diagnostic Laboratory ("HDL") filed for bankruptcy in June 2015. In September 2015, the Bankruptcy Court approved a sale of substantially all of HDL's assets, but HDL retained accounts receivable aged 180 days or more (the "Excluded Receivables"). In May 2016, the Bankruptcy Court confirmed HDL's liquidation plan, through which its assets passed to

Richard Arrowsmith, the Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee").

The Liquidating Trustee hired three outside debt collectors to pursue collection on the Excluded Receivables.[1] Some consumers who received debt collections letters sought help from their healthcare provider, who sent a letter to consumers encouraging them to dispute the debt. Other consumers hired lawyers, who challenged the collections as violations of the Fair Debt Collection Practices Act.

On August 3, 2016, the Liquidating Trustee initiated an adversary proceeding against multiple defendants, including some consumers, their lawyers, and a healthcare provider.[2] The complaint included seven causes of action, all related to the defendants' attempts to interfere with collection of the Excluded Receivables. The same day, the Liquidating Trustee filed a motion for preliminary injunction.

On August 18, 2016, the Bankruptcy Court held a hearing on the preliminary injunction motion. After hearing argument from each side, the Bankruptcy Court granted the motion. It did not make any findings of fact, discuss the legal standard for granting preliminary injunctions, or state its conclusions (e.g., on which claim the Liquidating Trustees would likely succeed on the merits). The Bankruptcy Court did, however, instruct the Liquidating Trustee to add language to the draft order about not infringing on the defendants' constitutional rights. (*See* Appellee's App. 196–97, 41:22–42:4.)

---

[1] Actually, HDL originally hired the debt collectors, but the Liquidating Trustee continued and managed these contracts.

[2] The healthcare provider is Northwest Health Summit PS, doing business as Women's Health Connection ("Women's Health"). One consumer, Kristen Wickstrom, hired attorney Kirk Miller. Twenty-one other consumers (the "Appellant-Consumers") hired Lemberg Law, LLC ("Lemberg Law").

2

On August 30, 2016, the Bankruptcy Court entered the order granting a preliminary injunction (the "Preliminary Injunction Order"). In the Preliminary Injunction Order, the Bankruptcy Court made preliminary findings about its jurisdiction and appropriate notice. Additionally, the Bankruptcy Court found that (1) "the relief request[ed] in the Motion is in the best interest of the . . . [Liquidating Trustee], the estate and creditors thereof," (2) "the estate stands to suffer irreparable harm if it is not granted an order to maintain the status quo ante pending this Court's ruling on the merits of the Complaint," and (3) "upon the record herein, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief" as set forth in the Preliminary Injunction Order. (Appellants' App. 136–37.)

Pertinent to this appeal, the Preliminary Injunction Order ordered:

> THAT the Defendants shall be preliminarily enjoined from taking any action adverse to the Liquidating Trustee, the Collectors, or any other professionals or agents acting at the direction of the Liquidating Trustee to collect or administer the Excluded Receivables for the benefit of the estate . . .
>
> THAT the Defendants shall be preliminarily enjoined from contacting physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables . . .
>
> THAT nothing contained in this Order shall be construed to impair any of the Defendants' First Amendment, Fifth Amendment, or other Constitutional rights. In addition, in accordance with the federal rules of bankruptcy procedure and the local rules of this Court, each of the Defendants shall be entitled to file pleadings and motions they deem appropriate in connection with and related to the relief sought in the Complaint . . . .

(Appellants' App. 137–38.) Lemberg Law and the Appellant-Consumers appealed.[3]

---

[3] Miller, Wickstrom, and Women's Health did not join in the appeal.

3

## II. ANALYSIS

Appellate courts review the grant of a preliminary injunction for abuse of discretion. *WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009).

### *A. Failure to Make Required Findings*

The Court vacates the Preliminary Injunction Order because the Bankruptcy Court did not make the required findings of fact or conclusions of law. The federal rules require a court granting or denying a preliminary injunction to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), (2); Fed. R. Bankr. P. 7052. Courts can make these findings and conclusion on the record at a hearing or in writing through an opinion or order. Fed. R. Civ. P. 52(a)(1). These findings "are necessary in order for an appellate court to conduct meaningful appellate review." *Greenhill v. Clarke*, No. 16-6542, 2016 WL 7414198, at *1 (4th Cir. Dec. 22, 2016) (citing *H & R Block Tax Servs. LLC v. Acevedo–Lopez*, 742 F.3d 1074, 1078 (8th Cir. 2014)). Without such findings, appellate courts "are constrained to conclude that the [lower] court abused its discretion." *Id.* (vacating the denial of a preliminary injunction where the district court made no findings of fact).

In this case, the Bankruptcy Court did not make any of the findings required by Rule 52 (as incorporated through Bankruptcy Rule 7052). It did not explain its findings on the record at the August 18, 2016 hearing, nor did it detail its findings in the Preliminary Injunction Order. Indeed, the Bankruptcy Court never even referred to the legal factors necessary for granting a preliminary injunction. Without such findings, the Court cannot conduct any meaningful review, so must conclude that the Bankruptcy Court abused its discretion. Accordingly, the Court vacates the Preliminary Injunction Order.

4

### *B. Failure to Describe the Acts Restrained in Reasonable Detail*

Even if the Bankruptcy Court had made the required findings, the Court would vacate the Preliminary Injunction Order because it does not describe the acts it seeks to restrain. When a court decides to issue a preliminary injunction, the order must: "(A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1); Fed. R. Bankr. P. 7065. This Rule "was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *CPC Int'l, Inc. v. Skippy Inc.*, 214 F.3d 456, 459 (4th Cir. 2000) (quoting *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).[4] The specificity requirement also facilitates appellate review. *Id.*

Here, the Preliminary Injunction Order effectively says that the defendants cannot take actions adverse to the efforts to collect the Excluded Receivables, but that they can take adverse actions if it would implicate the Constitution. The Court does not know what actions this directive would or would not cover, and finds that an everyday consumer would have trouble understanding it.

The Liquidating Trustee argues that the Preliminary Injunction Order "was not entered in a vacuum," but "was supported by a well-developed factual record that identifie[d] the enjoined conduct." (Appelle's Br. 20.) This argument ignores Federal Rule of Civil Procedure 65(d)(C) (as incorporated by Bankruptcy Rule 7065), which says that an order granting a preliminary injunction must state in detail the proscribed acts, "and not by referring to the complaint or other

---

[4] *See also CF & I Steel Corp. v. United Mine Workers of Am.*, 507 F.2d 170, 173 (10th Cir. 1974) ("A decree is vague when the delineation of the proscribed activity lacks particularity, or when containing only an abstract conclusion of law, not an operative command capable of enforcement." (internal alteration, quotation marks, and footnotes omitted)).

5

document." Fed. R. Civ. P. 65(d)(C). Thus, in the alternative, the Court vacates the Preliminary Injunction Order for failing to describe the proscribed acts in reasonable detail.

### III. CONCLUSION

In summary, the Bankruptcy Court abused its discretion when it issued the Preliminary Injunction Order because it did not follow Rule 52 or Rule 65. Consequently, the Court vacates the Preliminary Injunction Order.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: February 8, 2017
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge

6