IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| In re: | Chapter 11 |
| HEALTH DIAGNOSTIC LABORATORY, INC., *et al.*, | Case No. 15-32919-KRH (Jointly Administered) |
| Debtors. | |
| | |
| LEMBERG LAW, LLC, *et al.*, | |
| Appellants, | |
| v. | Case No. 3:17-cv-297-HEH |
| RICHARD ARROWSMITH, AS LIQUIDATING TRUSTEE OF THE HDL LIQUIDATING TRUST, | |
| Appellee. | |

## MEMORANDUM OPINION
### (Denying Motion for Leave to Appeal Interlocutory Order)

THIS MATTER is before the Court on Appellants' Motion for Leave to Appeal an

Interlocutory Order entered by the United States Bankruptcy Court for the Eastern

District of Virginia (the "Bankruptcy Court"). (Mot. Leave Appeal, ECF No. 1-1.)

Appellants are seeking leave to appeal the Bankruptcy Court's decision to deny their

motion to dismiss a Verified Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6).

All parties have filed memoranda supporting their respective positions. (ECF Nos.

1-1, 2, 5.) The Court will dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before it, and oral argument would

not aid in the decisional process. E.D. Va. Local Civ. R. 7(J).

For the reasons stated herein, the Court will deny Appellants' Motion.

## I.     BACKGROUND

Health Diagnostic Laboratory ("HDL") filed for chapter 11 bankruptcy in the

Eastern District of Virginia on June 7, 2015. On September 17, 2015, the Bankruptcy

Court entered an order approving the sale of substantially all of HDL's assets to True

Health Diagnostics, LLC. However, HDL retained ownership of accounts receivable

aged 180 days or more as of September 29, 2015 (the "Excluded Receivables").

Prior to declaring bankruptcy, HDL operated an accredited, full-service clinical

laboratory that provided testing of biomarkers for the indication of risk for cardiovascular

disease, diabetes, and other illnesses. The Excluded Receivables include amounts owed

to HDL by patients for processing lab tests that it received from physicians across the

country.

On July 28, 2015, Richard Arrowsmith, the Liquidating Trustee of the HDL

Liquidating Trust ("Appellee"), entered into agreements with a number of collection

agents (the "Collectors") to pursue collection of certain Excluded Receivables owned by

HDL. The Collectors subsequently transmitted notices to certain patients for whom HDL

had performed laboratory testing.

After experiencing difficulty collecting the Excluded Receivables, Appellee filed a

seven-count Complaint (the "Verified Complaint") on August 3, 2016, against multiple

2

defendants, including twenty-one of HDL's former consumers[1] and their lawyers,

Lemberg Law, LLC (collectively "Appellants"). The Verified Complaint included seven

causes of action, all related to Appellants' alleged attempts to interfere with the collection

of the Excluded Receivables.

On September 21, 2016, Appellants filed a Motion to Dismiss pursuant to Federal

Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure

12(b)(6), asserting that the Verified Complaint failed to allege facts sufficient to state a

plausible claim under the standards announced by the Supreme Court in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A hearing followed on October 20, 2016. And on March 30, 2017, the Bankruptcy

Court entered a Memorandum Opinion and Order denying the motion. *See In re Health*

*Diagnostics Laboratory, Inc.*, Case No. 15-32919-KRH, 2017 WL 1194647 (Bankr. E.D.

Va. Mar. 30, 2017).

Appellants timely filed their Motion for Interlocutory Appeal of the Bankruptcy

Court's decision to this Court on April 13, 2017. (*See* Mot. Leave Appeal; *see also* Fed.

R. Bankr. P. 8002, 8004.)

## II.    ISSUES ON APPEAL

Appellants have presented the following issues for interlocutory review:

1.  Whether the Bankruptcy Court properly applied the controlling
    authority of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),
    and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to hold that the

---

[1] The consumers are Eileen Arendt, Linda Cancel, Emily Reed, Leah Volesky, Cynthia Porter, Jolene Wixom, Dani Schurger, Lara Tebo, Tara Roecks, Kelly Porter, Terri Barbano, Calico Svendsen, Nicolette Caldwell, Lorinne Chance, Toni Merriott, Tiffanie Papich, Christina Lagrou, Barbara K. Marks, Kimberly Dixon, Korynne Bray, and Joseph Delfino.

Complaint states plausible claims for relief under Federal Rule of
Civil Procedure 12(b)(6).

2. Whether the Bankruptcy Court applied the correct legal standard
under Federal Rule of Civil Procedure 8(a) to hold that the
Complaint states plausible claims for relief for avoidance of
constructively fraudulent transfer under Federal Rule of Civil
Procedure 12(b)(6).

## III.    JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction over appeals from the Bankruptcy Court in this district

pursuant to 28 U.S.C. § 158. Though final judgments, orders, and decrees are appealable

by right, *see* 28 U.S.C. § 158(a)(1), "orders denying a motion to dismiss are interlocutory

in nature and are only appealable by leave of the court." *In re Travelstead*, 250 B.R. 862,

865 (D. Md. 2000); *see also* 28 U.S.C. § 158(a)(3) ("The district courts of the United

States shall have jurisdiction to hear appeals . . . with leave of the court, from other

interlocutory orders and decrees."); *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd.,

Inc.*, 250 B.R. 74, 78 (E.D. Va. 2000) ("Non-final orders or decrees are not appealable as

a matter of right."); *In re Jackson*, 190 B.R. 808, 810 (W.D. Va. 1995) ("Whether or not

to grant leave to appeal an interlocutory order is a discretionary call of the district

court.").

"Although [28 U.S.C.] § 158(a)(3) offers no guidance as to when a district court

should grant such leave, § 158(c)(2) provides that bankruptcy appeals 'shall be taken in

the same manner as appeals in civil proceedings generally are taken to the courts of

appeals from the district courts.'" *First Owners' Ass'n of Forty Six Hundred v. Gordon

Properties, LLC*, 470 B.R. 364, 371 (E.D. Va. 2012) (quoting 28 U.S.C. § 158(c)(2)).

Consequently, district courts regularly look by analogy to the standard announced in 28

U.S.C. § 1292(b), which governs interlocutory appeals in non-bankruptcy cases. *See id.*

at 371–72; *Atl. Textile Grp., Inc. v. Neal*, 191 B.R. 652, 653 (E.D. Va. 1996).

Therefore, when determining whether to grant interlocutory review, courts must

consider three elements: (1) whether the order "involves a controlling question of law"

(2) "as to which there is substantial ground for difference of opinion"; and (3) whether

"an immediate appeal from the order may materially advance the ultimate termination of

the litigation." 28 U.S.C. § 1292(b). If even one element is unsatisfied, the Court cannot

grant leave to appeal. *KPMG*, 250 B.R. at 79 (citing *Atl. Textile Grp.*, 191 B.R. at 653).

Additionally, "[e]ven if the requirements of section 1292(b) are satisfied, the

district court has 'unfettered discretion' to decline [to hear an interlocutory appeal] if

exceptional circumstances are absent." *Hinton v. Va. Union Univ.*, Civil Action No.

3:15cv569, 2016 WL 3922053, at * 7 (E.D. Va. July 20, 2016) (citation and quotation

marks omitted). Appellants must establish "that exceptional circumstances justify a

departure from the basic policy of postponing appellate review until after the entry of a

final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (quoting

*Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)); *see also First*

*Owners*, 470 F.R. at 373 ("[B]ecause  § 1292(b) is contrary to the general rule that

appeals may be had only after a final judgment, it should be used sparingly and its

requirements strictly construed.").

### a. Controlling Question of Law

"The term 'question of law,' for purposes of § 1292(b), refers to 'a question of the

meaning of a statutory or constitutional provision, regulation, or common law doctrine.'"

*Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (quoting

*Clark Const. Grp., Inc. v. Allglass Sys., Inc.*, No. DKC-02-1590, 2005 WL 736606, at *2

(D. Md. Mar. 30, 2005)).

    A question of law is "controlling" when "either (1) reversal of the bankruptcy

court's order would terminate the action, or (2) determination of the issue on appeal

would materially affect the outcome of the litigation." *In re Travelstead*, 250 B.R. at

865–66. The Fourth Circuit has observed that "the kind of question best adapted to

discretionary interlocutory review is a narrow question of pure law whose resolution will

be completely dispositive of the litigation, either as a legal or practical matter, whichever

way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th

Cir. 1989) (unpublished opinion).

    Appellants contend that the Bankruptcy Court applied the wrong standard of

review when it denied their motion to dismiss and "permitted the Liquidating Trustee's

claims to advance based on unadorned grievance pleading." (Am. Reply 4, ECF No. 5.)

They argue that the Court's alleged misapplication of *Twombly* and *Iqbal* constitutes a

controlling question of law because reversal of the Bankruptcy Court's Order would

result in either: (1) "dismissal of the adversary action with prejudice"; (2) "dismissal of

the adversary action with leave to replead"; or (3) "dismissal of one or more claims set

forth in the Complaint either with or without prejudice." (Mot. Leave Appeal 12.) They

conclude that "[i]n all of the aforesaid scenarios, the adversary action either would be

terminated or its outcome would be materially affected" (*id.*) and that "such reversal will

6

save time for the court and expense for the litigants who include 21 patients in Washington who are not on notice of the basis of the claims against them." (Am. Reply 6–7.)

While the scenarios proposed by Appellants are conceivable to the extent that they are the possible outcomes of any appeal, the Court finds that they are untethered to the current posture of this proceeding. When Appellants filed their Motion to Dismiss, they did not rely on an absolute defense—such as a claim that the statute of limitations had lapsed or that the Bankruptcy Court lacked subject-matter jurisdiction—that would warrant dismissal with prejudice. Instead, they merely challenged the sufficiency of the pleadings pursuant to *Twombly* and *Iqbal*, which, if accepted, would have only resulted in a dismissal of the Verified Complaint without prejudice and with leave to amend. Consequently, the Court cannot contemplate any circumstance where reversal of the Bankruptcy Court's decision would either "terminate the action" or "materially affect the outcome of the litigation." *In re Travelstead*, 250 B.R. at 865–66.

Because this Court's hypothetical reversal and dismissal would not "be completely dispositive of the litigation, either as a legal or practical matter," *Fannin*, 1989 WL 42583, at *5, Appellants have failed to satisfy the first element under § 1292(b).

**b. Substantial Ground for a Difference of Opinion**

Though the Court could end its inquiry here, it will nevertheless continue in its analysis to determine whether this interlocutory appeal would present substantial ground for a difference of opinion on a controlling question of law, assuming *arguendo* that one was before the Court.

7

"A substantial ground for difference of opinion may exist where there is 'a dearth
of precedent within the controlling jurisdiction and conflicting decisions in other
circuits,' or 'where a court's challenged decision conflicts with decisions of several other
courts.'" *Coal. for Equity & Excellence in Md. Higher Educ. v. Md. Higher Educ.
Comm'n*, Civil No. CCB-06-2773, 2015 WL 4040425, at *6 (D. Md. June 29, 2015)
(quoting *APCC Servs., Inc. v. Sprint Commc'ns Co.*, 297 F. Supp. 2d 90, 97–98 (D. D.C.
2003)). "The level of uncertainty required to find a substantial ground for difference of
opinion should be adjusted to meet the importance of the question in the context of the
specific case." *Id.* (quoting 16 Wright et al., Federal Practice & Procedure § 3930).

However, "[m]ere disagreement, even if vehement, with a court's ruling does not
establish a substantial ground for difference of opinion sufficient to satisfy the statutory
requirements for an interlocutory appeal." *Nat'l Cmty. Reinvestment Coal. v. Accredited
Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D. D.C. 2009) (citation and
quotation marks omitted). "[I]t is appropriate that district courts not deem the second
element satisfied whenever parties disagree as to a Bankruptcy Court's interlocutory
order, but rather only where substantial ground for disagreement exists as to the
controlling issues of law that informed the order.  Doing so restricts interlocutory appeals
to those cases in which the parties earnestly dispute the law, not simply the result."
*KPMG*, 250 B.R. at 79.

"An issue presents a substantial ground for difference of opinion if courts, as
opposed to parties, disagree on a controlling question of law. . . . [J]ust any simple
disagreement between courts will not merit [granting interlocutory review].  A ground for

8

dispute is substantial where, for example, the controlling circuit has made no comment on conflicting opinions among the various circuits . . . or where the dispute raises a novel and difficult issue of first impression." *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-2261, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) (internal citations and quotation marks omitted).

Appellants are clear that they are not alleging that there is a substantial disagreement among the courts regarding the proper standard to apply when reviewing a motion to dismiss pursuant to Rule 12(b)(6). Instead, Appellants are simply challenging the Bankruptcy Court's application of the settled standards announced in *Twombly* and *Iqbal*. (*See* Mot. Leave Appeal 12 ("As set forth in this memorandum, [Appellants] contend that the Opinion is erroneous as a matter of law under Rule 12(b)(6) and 8(a) and the extant authorities interpreting those rules.").) However, as this Court has previously stated, "it matters not whether the lower court simply got the law wrong (at least in the opinion of the appealing party) . . . . What matters is whether courts themselves disagree as to what the law is." *KPMG*, 250 B.R. at 83. Appellants in this case have pointed to no such discord.

Therefore, based on the foregoing precedent, the Court concludes that even if Appellants had properly tendered a controlling question of law for interlocutory review, that question would have been patently deficient to satisfy the second element under § 1292(b).

### c. Materially Advance the Termination of the Litigation

"In determining whether [granting a motion for interlocutory appeal] will

9

materially advance the ultimate termination of the litigation, a district court should consider whether an immediate appeal would: '(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly.'" *Coal. for Equity & Excellence in Md. Higher Educ.*, 2015 WL 4040425, at *6 (quoting *Lynn*, 953 F. Supp. 2d at 626 (citation omitted)).

Appellants contend that "a reversal of the Bankruptcy Court's Order *could* terminate the adversary action or terminate *some* of [Appellee's] claims." (Mot. Leave Appeal 13 (emphasis added).) Alternatively, they assert that "reversal *could* also have the effect of requiring [Appellant] to state its claims in greater detail." (*Id.* (emphasis added).) Regardless of the outcome, Appellants claim that such a ruling "*may* avoid trial or substantially shorten the litigation." (*Id.* (emphasis added).)

In support of these assertions, Appellants argue that "[i]f [Appellee] is required to allege actual facts against each defendant . . . it will *vastly* eliminate the complex issues in this case" because Appellee will be unable to do so. (Am. Reply 8.)

Appellee counters that the Court should deny the interlocutory appeal because it is at the preliminary stage of the case and, at most, reversal would only lead to a remand for repleading. (Resp. Opp. 12 ¶ 21 (citing *Hayes v. Sotera Def. Sols., Inc.*, Civil Action No. 1:15cv1130, 2015 WL 9273953, at *2 (E.D. Va. Dec. 17, 2015) (rejecting the argument that an interlocutory appeal would materially advance litigation because it "ignore[d] the fact that the dismissal of Plaintiff's age discrimination claim pursuant to Rule 12(b)(6) in this case would be a dismissal without prejudice, and Plaintiff would be allowed to amend his complaint . . . ."); *In re Manhattan Inv. Fund Ltd.*, 288 B.R. 52, 56 (S.D. N.Y.

2002) (denying a motion for leave to appeal the bankruptcy court's denial of a motion to dismiss because "challenges to the sufficiency of a pleading are not generally the appropriate subjects of interlocutory review, as a reversal [on interlocutory appeal] at most could lead only to a remand for repleading, with possibilities of further interlocutory appeals thereafter." (citation and quotation marks omitted)); *Degulis v. LXR Biotechnology, Inc.*, No. 95 CIV. 4204, 1997 WL 20832, at *7 (S.D. N.Y. Jan. 21, 1997) ("[A]ppellate reversal of the adequacy of the pleadings . . . would result only in granting leave to replead, and would thus delay consideration of the merits.")).)

The Court finds Appellee's argument compelling. As discussed above, reversal of the Bankruptcy Court's decision would only lead to a dismissal without prejudice and with leave to amend. Consequently, granting Appellants' Motion would not "eliminate the need for trial . . . eliminate complex issues so as to simplify the trial . . . or eliminate issues to make discovery easier and less costly." *Coal. for Equity & Excellence in Md. Higher Educ.*, 2015 WL 4040425, at *6. Instead, it would unnecessarily prolong the present litigation rather than "materially advanc[ing] [its] ultimate termination." 28 U.S.C. § 1292(b).

Therefore, even if the Court were to reach this stage of the analysis, it would conclude that Appellants have failed to satisfy the third element under § 1292(b).

## IV.    CONCLUSION

Because Appellants have failed to satisfy any of the three requisite elements under § 1292(b), the Court finds that interlocutory appeal is neither warranted nor appropriate in this matter. And even if Appellants had somehow made the necessary showing, the

11

Court would still decline to grant the appeal because they have failed to establish that there are "exceptional circumstances [in this case to] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand*, 437 U.S. at 475 (citation omitted).

Therefore, the Court will deny Appellants' Motion. (ECF No. 1-1.)

An appropriate Order will accompany this Memorandum Opinion.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

/s/

Henry E. Hudson
United States District Judge

Date: May 16, 2017
Richmond, Virginia